**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDSITRICT LITIGATION**

| | |
|---|---|
| **In re:** Endangered Species Committee, Order Regarding Gulf of America Oil and Gas Activities, 91 Fed. Reg. 16966, Issued on April 3, 2026 | MCP No. 202 |

**CONSERVATION GROUPS' MOTION TO RECONSIDER CONSOLIDATION ORDER, STRIKE NOTICE OF MULTICIRCUIT PETITIONS FOR REVIEW, AND VACATE CONSOLIDATION ORDER**

Defenders of Wildlife and the National Wildlife Federation, National Parks Conservation Association, Florida Wildlife Federation, Louisiana Wildlife Federation, and Texas Conservation Alliance (NWF Petitioners) (collectively, Conservation Groups) move for reconsideration of the Panel's Consolidation Order dated April 17, 2026, consolidating judicial review of this matter in the U.S. Court of Appeals for the Fifth Circuit. *See* JPML Rule 25.7(a).

On March 31, 2026, Respondents, meeting as the Endangered Species Act Committee (Committee), voted to grant a sweeping exemption under the Endangered Species Act (ESA) for oil and gas activities in the Gulf. In a written decision and order dated March 31, 2026 (Committee Order), the Committee "grant[ed] an exemption for Gulf of America Oil and Gas Activities," noting that this decision and order were "effective immediately." Ex. A. at 4.[1]

On April 3, 2026, Natural Resources Defense Council (NRDC) filed a petition in the D.C. Circuit Court of Appeals for review of the Committee Order. This is the only petition for review filed within ten days of the Committee Order's issuance. Since then, several other petitions have been filed. The American Energy Association (AEA) filed a petition in the Fifth Circuit on April

---

[1] This motion refers to the PDF pagination of exhibits, inclusive of their cover sheets.

13, 2026, thirteen days after the Committee Order's issuance. Another petition was filed in the Eleventh Circuit on the same day, though it was not served until the following day. Conservation Groups later filed separate petitions in the D.C. Circuit, both of which have since been consolidated with NRDC's petition.[2]

In the Multicircuit Notice dated April 16, 2026, Respondents notified the Panel of the NRDC and AEA petitions filed in the D.C. Circuit and the Fifth Circuit, respectively. Doc. 1 at 2; *see also* Doc. 1-1. But AEA filed its Fifth Circuit petition on April 13, 2026, outside of 28 U.S.C. § 2112(a)(1)'s ten-day statutory window that closed on April 10, 2026. Respondents therefore erroneously filed the Multicircuit Notice. There was no basis for the Panel to conduct a lottery because only one petition, NRDC's D.C. Circuit petition, was timely filed and received. *See* 28 U.S.C. § 2112(a)(1), (a)(3).

On reconsideration, the Panel must strike the Multicircuit Notice and vacate the Consolidation Order because the AEA petition did not meet the criteria of 28 U.S.C. § 2112(a)(1) and (a)(3). *See In re Fed. Energy Regul. Comm'n*, 730 F. Supp. 3d 1366 (J.P.M.L. 2024) [*Gas Transmission Nw.*] (granting a motion for reconsideration, striking a notice of multicircuit petitions for review, and vacating a consolidation order where a petition for review did not meet statutory criteria for inclusion in the agency's notice); *In re Fed. Energy Regul. Comm'n*, 341 F. Supp. 3d 1378, 1380 (J.P.M.L. 2018) [*Atl. Coast Pipeline*] (same).

## BACKGROUND

***Committee Proceedings and Published Order.*** On March 16, 2026, Defense Secretary Pete Hegseth requested that Interior Secretary Doug Burgum convene the Committee to grant an

---

[2] Ex. B (clerk's orders consolidating NRDC's petition with Case No. 26-1085, filed by Defenders, and Case No. 26-1088, filed by NWF Petitioners).

exemption under the ESA for oil and gas activities in the Gulf. On March 31, 2026, Respondents—six federal officials who by statute are Committee members, 16 U.S.C. § 1536(e)(3)(A)–(F)—held a meeting (livestreamed to the public) and voted to grant the requested exemption. Ex. A. The Committee issued a written decision and order, dated March 31, 2026, that was "effective immediately." *Id.* at 4. The Interior Department's website published the Committee Order the same day.

*District Court Notices of Mootness.* The same day, March 31, the federal government filed notices in three cases pending in federal district court asserting that the Committee Order mooted the lawsuits. Ex. C at 3, 6, 9 (asserting that pending challenges were rendered moot by "the Committee's Order granting an exemption," as "the ESA's Section 7 requirements no longer appl[ied]").[3]

*Publication in the Federal Register.* Respondents published a notice of the Committee Order, including the text of the Order, in the Federal Register on April 3, 2026. 91 Fed. Reg. 16,966 (Apr. 3, 2026). The notice states that "[t]his decision and order are effective immediately" and is dated "March 31, 2026." *Id.* at 16,967.

*Petitions for Review.* On April 3, 2026, NRDC petitioned for review of the Committee Order pursuant to ESA section 7(n) in the D.C. Circuit Court. The appeal was docketed and assigned a case number that day. Doc. 1-1 at 1. Service of NRDC's petition to Respondents was completed by April 10, 2026. *Id.*

On April 13, 2026, AEA petitioned for review in the Fifth Circuit. *Id.* According to Respondents, AEA completed delivery of the petition that same day. *Id.*

---

[3] The federal government filed the March 31, 2026, Committee Order as published online as an exhibit to all three notices.

On April 14, 2026, Defenders of Wildlife petitioned for review of the March 31, 2026, Committee Order in the D.C. Circuit. The D.C. Circuit consolidated NRDC's and Defenders' petitions on April 16, 2026, prior to Respondents' filing the Multicircuit Notice. Ex. B at 2.

On April 15, 2026, NWF Petitioners petitioned for review of the March 31, 2026, Committee Order in the D.C. Circuit. The D.C. Circuit consolidated this case with NRDC's case five days later. Ex. B. at 3.

***The Multicircuit Notice and Consolidation Order.*** Respondents filed the Multicircuit Notice on April 16, 2026, stating that petitions challenging Committee Order had been filed in two different courts of appeal "within ten days after issuance of the agency action on April 3, 2026, and received by the Federal Respondents from the petitioners within the applicable ten-day period[.]". Doc. 1 at 2. The next day, the Panel accepted the Multicircuit Notice for filing and issued its Consolidation Order, randomly selecting the Fifth Circuit. Docs. 2–3.

On April 20, 2026, the D.C. Circuit transferred the three consolidated D.C. Circuit petitions to the Fifth Circuit pursuant to the Panel's Consolidation Order. Ex. D. The next day, the Fifth Circuit added the NRDC, Defenders, and NWF Petitioners to AEA's docket. Ex. E.

**RULE 25.7(A) RIGHT TO REVIEW**

Conservation Groups move for reconsideration of the Consolidation Order under Rule 25.7(a). Under the Panel's multicircuit rules, any "party to a petition for review subject to a consolidation order" may seek reconsideration of that order within seven days of its issuance. JPML Rule 25.7(a). This motion is timely filed. *See* Doc. 3 (Consolidation Order issued April 17, 2026). Conservation Groups are parties with petitions subject to the Consolidation Order. Conservation Groups' petitions in the D.C. Circuit have been consolidated with NRDC's D.C. Circuit petition and, pursuant to the Consolidation Order, have been transferred to the Fifth

4

Circuit. With this transfer, Conservation Groups' petitions have undeniably been "affected by" the Consolidation Order and are thus "subject to" it. *Subject To*, MERRIAM-WEBSTER DICTIONARY, merriam-webster.com/dictionary/subject%20to (last visited Apr. 22, 2026).

## ARGUMENT

Petitions for review of an agency[4] order "must meet strict statutory requirements" to trigger the Panel's random selection procedures under 28 U.S.C. § 2112(a). *Atl. Coast Pipeline*, 341 F. Supp. 3d at 1380 (quoting *In re* Fed. Energy Regul. Comm'n, 278 F. Supp. 2d 1379, 1380 (J.P.M.L. 2003) [*Yakima Nation*]). Only certain petitions qualify: those date-stamped and "receive[d]" by the relevant agency "from the persons instituting the proceedings," "within ten days after issuance of the order." 28 U.S.C. § 2112(a)(1)–(3); *see also Yakima Nation*, 278 F. Supp. 2d at 1380 (petitions for review "must be filed in the court of appeals and received by the agency within ten days of the agency order").

There is no dispute that NRDC's petition meets these criteria. AEA's petition, however, does not. The Committee Order issued and took effect on March 31, 2026, so the ten-day statutory window under section 2112(a) closed on April 10, 2026. *See* Ex. A; Fed. R. App. P. 26(a)(1) (specifying the computation of time periods stated in days). AEA did not file its petition in the Fifth Circuit until April 13, 2026—three days after the close of that ten-day period. *See* Doc. 1-1 at 1–2. This fundamental flaw renders AEA's petition ineligible for inclusion in the Committee's Multicircuit Notice and necessitates striking the Multicircuit Notice and vacating the Panel's Consolidation Order.

Respondents' Multicircuit Notice incorrectly states that the Committee Order's date of

---

[4] This motion uses "agency" to refer to an "agency, board, commission, or officer," as defined under 28 U.S.C. § 2112(a).

issuance is its date of publication in the Federal Register, April 3, 2026, rather than March 31, 2026, the date the Order issued, took effect, was made public, and became ripe for review. *See* Doc. 1-1 at 1 ("Date of issuance by Federal Register publication: April 3, 2026"); Doc. 1 at 2 (referencing the "issuance of the agency action on April 3, 2026"). This statement is in direct conflict with section 2112(a)(1), ESA section 7(h) and its implementing regulations, and the federal government's representations concerning the Committee Order that it filed in three federal district court proceedings on March 31, 2026.

## I.    THE ORDER ISSUED WHEN IT BECAME FINAL AGENCY ACTION RIPE FOR REVIEW

Per this Panel's prior rulings, section 2112(a)'s ten-day countdown starts when an order is ripe for judicial review, even if an agency's announcement of the triggering act comes later. *See Gas Transmission Nw.*, 730 F. Supp. 3d at 1369 (examining when an application was legally deemed denied, not when that denial was announced, in determining when the ten-day period began). When a Committee decision has "triggered the ability to appeal," *id.*, is governed by ESA sections 7(h)(1) and 7(n). *See* 16 U.S.C. § 1536(h) ("Any final determination by the Committee under this subsection shall be considered final agency action for purposes of chapter 7 of title 5."); *id.* § 1536(n) (judicial review provision). ESA section 7(n) renders judicial review available upon the issuance of a Committee decision under ESA section 7(h), *id.* § 1536(n), including a "final determination whether or not to grant an exemption," *id.* § 1536(h)(1).

By its own terms, the March 31, 2026, Committee Order constituted a "decision, which is made under [section 7(h)]," to grant an ESA exemption that took effect "immediately." Ex. A at 4 ("This decision and order are effective immediately. March 31, 2026[.]"); *accord* 91 Fed. Reg. at 16,967. The Committee Order became final agency action subject to judicial review on March 31, 2026. 16 U.S.C. § 1536(h). Judicial review under ESA section 7(n) became available—and

the section 2112(a) period began—on the date of the Committee's final decision and issuance of the Committee Order: March 31, 2026.

## II.    THE FEDERAL GOVERNMENT NOTIFIED THE PUBLIC OF THE COMMITTEE ORDER ON MARCH 31, 2026

Viewing the Committee Order as issuing upon its March 31, 2026, release also comports with the plain meaning of section 2112(a), which states that "the issuance of the order" begins its ten-day countdown. 28 U.S.C. § 2112(a).

Though "issuance" is not defined in the statute, when section 2112(a) was enacted in 1988, the verb "issue" was commonly understood to mean to "send forth," "promulgate," or "go forth as authoritative or binding." *Issue*, BLACK'S LAW DICTIONARY (5th ed. 1979); *see also Bostock v. Clayton Cnty.*, 590 U.S. 644, 674 (2020) ("[A] law's ordinary meaning at the time of enactment usually governs."). Courts have interpreted the term "issuance" practically, rather than formalistically, to find that an order is issued when the public has been informed of an agency decision's content. *See, e.g.*, *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 676 (1950) ("[A] certificate cannot be said to have been issued for purposes of . . . seeking of reconsideration by an aggrieved person if its substance is merely in the bosom of the [agency]. Knowledge of the substance must to some extent be made manifest."); *In re Elec. Sec. Ass'n*, No. 24-60570, slip op. at 6 & n.4 (5th Cir. Nov. 19, 2024) (holding that ten-day window runs from issuance and does not require publication in the Federal Register; "[i]ssuance is 'the action of supplying or distributing something, especially for official purposes' or 'the action of formally making something known'"); *Fla. Manufactured Hous. Ass'n, Inc. v. Cisneros*, 53 F.3d 1565, 1574 (11th Cir. 1995) ("The verb 'issue' clearly refers to an act of public announcement."). The "best reading," *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024), of "issuance of the order" is one that looks to when an order became publicly available such that the public has been

7

put on notice of its content. *See In re Elec. Sec. Ass'n*, No. 24-60570, slip op. at 6 & n.4 (finding a rule was issued for the purposes of section 2112(a) "when the public was put on notice of the regulation's content" (emphasis omitted)).

The federal government made the Committee Order publicly available in its entirety on March 31, 2026. As per a Federal Register notice published two weeks prior, the Committee livestreamed its March 31, 2026, meeting on YouTube. *See* Endangered Species Committee Meeting Announcement, 91 Fed. Reg. 12,672 (Mar. 16, 2026). During that livestreamed meeting, Respondents unanimously voted in favor of the requested exemption. Secretary Burgum then announced that the exact terms of the exemption would be "set forth in an order" and that "the Committee will publish the written determination *today* regarding the exemption." *See* U.S. DEP'T OF THE INTERIOR, *Endangered Species Act Meeting*, at 49:15  50:27 (YOUTUBE, streamed live on Mar. 31, 2026) (emphasis added), youtube.com/live/iC3xyp4GxRE. True to its word, Interior published the Committee Order on its website that day. Ex. A; *see also* Ex. C at 3, 6, 9 (footnotes). The federal government also submitted the Committee Order as an exhibit supporting its notices of mootness in three district court cases the same day, citing the online publication of the Order for its immediate effect. Ex. C at 3, 6, 9 & n.1.

Posting the Committee Order online put the public on notice of the content of the Committee's determination. Thus, the Committee Order issued on March 31, 2026, "when [Interior] published the [Order] to its website—before it was published in the Federal Register." *In re Elec. Sec. Ass'n*, No. 24-60570, slip op. at 6 & n.4 (finding that a rule was "issued" when the public was "put on notice" of its content through the agency's publication of the rule on its official website, release of a press statement, and sharing the rule on social media); *cf. Cisneros*, 53 F.3d at 1574 (finding that, as "a matter of fairness," a rule cannot be considered to have been

issued "until the public has notice of the final rule's content").

### III.    ESA REGULATIONS HAVE LONG TREATED A COMMITTEE ORDER'S ISSUANCE AND ITS PUBLICATION IN THE FEDERAL REGISTER AS DISTINCT EVENTS

Longstanding regulations governing the Committee's final determinations on ESA exemption applications further support the conclusion that the March 31, 2026, issuance of the Committee Order is separate from its subsequent Federal Register publication. *See* 50 C.F.R. § 453.03 (joint Interior and Commerce Department regulations titled "Committee review and final determinations"). The relevant regulation makes clear that Committee decisions and orders may be issued before they are published in the Federal Register, and that an order's issuance and publication in the Federal Register are distinct events:

> The Committee's final determinations shall be documented in a written decision. If the Committee determines that an exemption should be granted, the Committee *shall issue an order* granting the exemption and specifying required mitigation and enhancement measures. The Committee *shall publish its decision and order in the Federal Register as soon as practicable*.

*Id.* § 453.03(b) (emphasis added). In other words, while decisions to grant an exemption must be issued in a written order informing the public of the exemption's contents, those decisions and orders may be published in the Federal Register on a later date, when it is practicable to do so.

The regulation provides clarity on the appropriate interpretation of the phrase "issuance of the decision" in ESA section 7(n), 16 U.S.C. § 1536(n). *See Loper Bright*, 603 U.S. at 394 (permitting courts interpreting statutes to "seek aid from the interpretations of those responsible for implementing particular statutes"). The regulation is "especially useful" in interpreting a Committee order's date of issuance under section 7(h)(1), as it was both "issued contemporaneously with" section 7's Committee provisions and has "remained consistent over time." *Loper Bright*, 603 U.S. at 394. The regulations implementing the Committee provisions were promulgated in 1980, just two years after the enactment of the 1978 ESA amendments

9

establishing the Committee and its procedures. *See* Final Rules on Endangered Species Review Board and Endangered Species Committee, 45 Fed. Reg. 23,354, 23,361 (Apr. 4, 1980); Endangered Species Act Amendments of 1978, Pub. L. 95-632, § 7(e)–(q), 92 Stat. 3751, 3753–60 (1978) (codified at 16 U.S.C. § 1536). The regulations have remained virtually unchanged, with just one minor amendment in 1985 that maintained the original rule's distinction between a decision's issuance and Federal Register publication.[5]

## IV.   THE FEDERAL GOVERNMENT'S ACTIONS IN OTHER CASES DEMONSTRATE THAT THE COMMITTEE ORDER ISSUED ON MARCH 31, 2026

Respondents' Multicircuit Notice representation that the Order issued on April 3, 2026, is inconsistent with the position the federal government has taken in related litigation. In three ongoing lawsuits in federal district courts challenging federal agencies' compliance with ESA section 7 requirements for Gulf oil and gas activities, the federal government wasted no time in filing notices on March 31, 2026, that, in its view, these requirements no longer apply to the challenged agency actions because of the Committee Order, and that the three cases are therefore moot. Ex. C. This supports the conclusion that the Committee Order issued on March 31, 2026.

In summary, the Committee Order issued on March 31, 2026, so the ten-day section 2112(a) period concluded on April 10, 2026. *See* Fed. R. App. P. 26(a)(1). AEA's petition was not filed April 13, 2026, rendering its inclusion in the Multicircuit Notice improper.

---

[5] *Compare* Rules for Applying for Endangered Species Act Exemptions and for Endangered Species Committee Consideration of Such Applications, 50 Fed. Reg. 8,130, 8,131 (Feb. 28, 1985) ("The Committee's final determinations shall be documented in a written decision. If the Committee determines that an exemption should be granted, the Committee shall issue an order granting the exemption and specifying required mitigation and enhancement measures. The Committee shall publish its decision and order in the Federal Register as soon as practicable."), *with* Final Rules on Endangered Species Committee, 45 Fed. Reg. at 23,361 ("The Committee's final determinations shall be written . . . If the Committee determines that an exemption should be granted, the Committee shall issue an order granting the exemption and specifying required mitigation and enhancement measures. The Committee shall publish its decisions in the Federal Register as soon as practicable.").

**CONCLUSION**

For the foregoing reasons, Conservation Groups respectfully request that the Panel strike

Respondents' Multicircuit Notice and vacate the Consolidation Order.

Date: April 23, 2026                                        Respectfully submitted,

                                                           /s/ *Jane P. Davenport*
                                                           Jane P. Davenport
                                                           Joseph M. Manning
                                                           Victoria Molyneaux*
                                                           Defenders of Wildlife
                                                           1130 17th St. NW
                                                           Washington, DC 20036
                                                           (202) 682-9400
                                                           jdavenport@defenders.org
                                                           jmanning@defenders.org

                                                           *Attorneys for Petitioner Defenders of Wildlife*

                                                           *Of counsel

                                                           /s/ *Catherine Wannamaker*
                                                           Catherine Wannamaker
                                                           Southern Environmental Law Center
                                                           525 East Bay Street, Suite 200
                                                           Charleston, South Carolina 29403
                                                           (843) 720-5270
                                                           cwannamaker@selc.org

                                                           Zachary J. Hennessee
                                                           Southern Environmental Law Center
                                                           Ten Tenth Street, Suite 1050
                                                           Atlanta, Georgia 30309
                                                           (678) 400-4817
                                                           zhennessee@selc.org

                                                           *Attorneys for Petitioners National Wildlife
                                                           Federation, National Parks Conservation
                                                           Association, Florida Wildlife Federation,
                                                           Louisiana Wildlife Federation, and Texas
                                                           Conservation Alliance*

11

**CERTIFICATE OF SERVICE**

In accordance with JPML Rule 4.1, the undersigned certify that, on April 23, 2026, this Motion for Reconsideration, Disclosure Statement, and attachments were served via CM/ECF on all parties who are registered users.

The undersigned further certify that they have served a copy of the foregoing on counsel for all parties in the Fifth and D.C. Circuit proceedings as follows:

Robert N. Stander
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
(202) 717-7067
robert.stander@usdoj.gov

Christopher Anderson
Environment and Natural Resources Div.
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 598-1971
christopher.anderson3@usdoj.gov

Kate Desormeau
Natural Resources Defense Council, Inc.
111 Sutter Street, 21st Floor
San Francisco, CA 94104
(415) 875-6100
kdesormeau@nrdc.org

James R. Conde
Boyden Gray PLLC
800 Connecticut Avenue, #900
Washington, DC 20006
(202) 955-0620
jconde@boydengray.com

Date:  April 23, 2026                    Respectfully submitted,

                                         /s/ *Jane P. Davenport*
                                         Jane P. Davenport

<u>/s/ *Catherine Wannamaker*</u>
Catherine Wannamaker