**UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ENDANGERED SPECIES COMMITTEE ORDER REGARDING GULF OF AMERICA OIL AND GAS ACTIVITIES, 91 FED. REG. 16966, ISSUED ON APRIL 3, 2026 | MCP No. 202 |

**FEDERAL RESPONDENTS' RESPONSE TO MOTIONS TO STRIKE NOTICE OF
MULTI-CIRCUIT PETITIONS FOR REVIEW, RECONSIDER CONSOLIDATION
ORDER, AND VACATE CONSOLIDATION ORDER**

Federal Respondents properly filed the Notice of Multi-Circuit Petitions for Review (Notice). Under the Endangered Species Committee's regulations, a decision on an exemption is issued when the decision is published in the Federal Register. The Committee published its Decision and Order on April 3, 2026, and the Committee received two petitions for review, stamped by the courts of appeals in which they were filed, within ten days of that date. *See* 28 U.S.C. § 2112(a)(3). That is the end of the matter.

Should the Panel nevertheless conclude that the Notice was filed in error, the proper remedy would be for the Panel to strike the Notice and vacate the Order consolidating the petitions in the Fifth Circuit. The Panel lacks statutory authority to order Respondents to file the administrative record in a particular circuit or to order a circuit court of appeals to transfer petitions.

**BACKGROUND**

The Endangered Species Committee is established under section 7(e) of the Endangered Species Act (ESA). 16 U.S.C. § 1536(e). The Committee is authorized to exempt agency actions from section 7, which generally requires each federal agency to "insure that any action authorized,

funded or carried out by such agency … is not likely to jeopardize the continued existence of any endangered species or threatened species." § 1536(a)(2).  The Committee is made up of six high-level officials, including the Secretary of the Interior. § 1536(e)(3)(A)-(G). Subsection 7(n) provides for review of the Committee's exemption decisions by petition in the courts of appeals and requires the Committee to "file in the court the record in the proceeding, as provided in section 2112 of title 28." § 1536(n).

On March 31, 2026, after the Secretary of War submitted a finding that an exemption is necessary for reasons of national security, *see* § 1536(j), the Committee met and voted unanimously to grant an exemption from section 7 for Gulf of America Oil and Gas Activities. On April 3, 2026, the Committee issued its Decision and Order by publishing it in the Federal Register, as required by the Committee's regulations. 91 Fed. Reg. 16966 (Apr. 3, 2026); *see also* 50 C.F.R. § 453.03(b).

That same day, April 3, 2026, Natural Resources Defense Council, Inc. (NRDC) petitioned for review of the Decision and Order in the U.S. Court of Appeals for the D.C. Circuit (D.C. Cir. No. 26-1079). The Committee received from NRDC copies of the petition stamped by the Clerk of the D.C. Circuit on April 9, 2026.[1] NRDC Mot. Ex. F. On April 13, 2026, American Energy Association (AEA) petitioned for review of the Decision and Order in the U.S. Court of Appeals for the Fifth Circuit, and the Committee received stamped copies of the Petition from AEA on the

---

[1] The Notice stated that the Committee received NRDC's petition on April 10, 2026. At the time the Notice was filed, the date of receipt was uncertain but the Committee confirmed that it received NRDC's petition no later than April 10, which was less than ten days after the date of issuance. Because it made no difference whether NRDC's petition was received on the 9th or the 10th, the Committee took the more cautious approach and stated that it was received on the 10th. The Committee has since confirmed receipt of NRDC's petition on April 9, 2026.

same day via hand delivery and email. Anderson Decl. ¶¶ 3–4 & Exs. 2–6; Bowen Decl. ¶ 3; Clark Decl. ¶ 3.

Because the Committee received stamped petitions from petitioners in more than one circuit within ten days of issuance of the Decision and Order, the Committee filed a Notice of Multi-Circuit Petitions for Review with the Judicial Panel on Multidistrict Litigation (Panel) as required by 28 U.S.C. § 2112(a)(3). ECF No. 1 (Apr. 17, 2026). The Panel conducted a random selection, and on April 17, 2026, the Panel issued a Consolidation Order consolidating NRDC's and AEA's petitions in the Fifth Circuit. ECF No. 2 (Apr. 17, 2026).

Three additional petitions for review of the Committee's Decision and Order have been filed:

(1) On April 13, 2026, W&T Offshore, Inc. filed a petition for review in the Eleventh Circuit (11th Cir. No. 26-11211). The Committee did not receive a file-stamped copy of the petition from W&T Offshore until April 14, 2026.

(2) On April 14, 2026, Defenders of Wildlife (Defenders) filed a petition for review in the D.C. Circuit (D.C. Cir. No. 26-1085). The D.C. Circuit consolidated Defenders' petition with NRDC's petition on April 16, 2026.

(3) On April 15, 2026, National Wildlife Federation, National Parks Conservation Association, Florida Wildlife Federation, Louisiana Wildlife Federation, and Texas Conservation Alliance (collectively, NWF) filed a petition for review in the D.C. Circuit (D.C. Cir. No. 26-1088). The D.C. Circuit consolidated NWF's petition with NRDC's petition on April 20, 2026.

On April 20, 2026, the D.C. Circuit transferred the three petitions filed in that circuit to the Court of Appeals for the Fifth Circuit.

On April 23, 2026, Defenders and NWF filed a motion with this Panel to reconsider its consolidation order. ECF No. 5. On April 24, 2026, NRDC filed a similar motion asking the Panel to strike the notice of multi-circuit petitions, vacate the consolidation order, and order the Fifth Circuit to transfer the petitions to the D.C. Circuit. ECF No. 11.

## DISCUSSION

**I.    The only parties with standing to object to the Consolidation Order are NRDC, AEA, and Respondents.**

Only a "party to a petition for review subject to a consolidation order" may file a motion for reconsideration of a consolidation order. J.P.M.L. Rule 25.7(a). The only such parties are NRDC, AEA, and Respondents. Defenders and NWF therefore lack standing to seek reconsideration of the consolidation order, and the Panel should not consider their motion (ECF No. 5) or any reply they may file.

By its terms, the Consolidation Order applies only to NRDC's and AEA's petitions. ECF No. 3, Schedule of Petitions. The fact that the D.C. Circuit, on its own motion, consolidated two other petitions with the NRDC petition does not make those petitions subject to the Panel's Consolidation Order. "[C]onsolidation … does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Hall v. Hall*, 584 U.S. 59, 70 (2018) (quotation omitted); *see also* Fed. R. App. P. 3 advisory committee's note to the 1998 amendments (same); D.C. Cir., *Handbook of Prac. & Internal Proc.* § V.A (2025) (discussing the effects of consolidation and noting that "[e]ach case retains some of its individual identity"). Nor did the Consolidation Order require the D.C. Circuit to transfer Defenders' and NWF's petitions to the Fifth Circuit. Instead, the D.C. Circuit transferred Defenders' and NWF's petitions on its own authority.

Defenders and NWF therefore are not parties to the Consolidation Order and have no standing to seek reconsideration. *Cf. Arnold v. Barbers Hill Indep. Sch. Dist.*, 157 F.4th 749, 754 (5th Cir. 2025) ("[N]on-parties are generally not permitted to appeal a ruling in which they did not participate."). Had Defenders and NWF wanted to participate in the multi-circuit selection process, they could have filed and delivered their petitions within ten days of issuance of the Decision and Order, as NRDC and AEA did. Having chosen not to do so, Defenders and NWF should not now be permitted to object to the outcome of that process.

## II.     The Notice of Multi-Circuit Petitions was properly filed.

### A.     The AEA Petition was filed within ten days of issuance of the Committee's decision.

For the random selection procedures of § 2112(a)(3) to be triggered, multiple petitions for review of an agency decision must be filed and received by the respondent agency "within ten days after issuance of the order." 28 U.S.C. § 2112(a)(1). It is well-settled that the date of "issuance" for purposes of § 2112 need not be the same date a decision was adopted or became effective. *See Council Tree Commun'cns, Inc. v. FCC*, 503 F.3d 284, 288 (3d Cir. 2007) (finding a petition for review to be premature when it was filed after the FCC released an order but before the order was published in the Federal Register); *Virginia Elec. & Power Co. v. EPA*, 610 F.2d 187, 189 (4th Cir. 1979) (dismissing petitions for review filed after an EPA decision was announced but before the date on which EPA determined that the period for seeking judicial review would commence).

It is also well-settled that when an agency's regulations specify the date on which a decision is deemed issued, those regulations control so long as they are reasonable. "Administrative agencies have considerable latitude in determining the event that triggers commencement of the judicial review period." *Associated Gas Distributors v. FERC*, 738 F.2d 1388, 1391 (D.C. Cir. 1984); *Southland Mower Co. v. United States Consumer Product Safety Comm'n*, 600 F.2d 12, 13 (5th

Cir. 1979) (deferring, for purposes of judicial review, to agency's notice that its rules would be "promulgated ten days after their publication in the Federal Register").

The Committee's regulations specify how the Committee will issue its decisions on exemptions. They must be "documented in a written decision," and the written decision and any order must be published in the Federal Register "as soon as practicable." 50 C.F.R. § 453.03(b). The purpose of that regulation, particularly the requirement that publication take place "as soon as practicable," is to ensure prompt and uniform public notice of the Committee's actions. Had the Committee intended for publication in the Federal Register to be merely advisory and without legal effect, there would have been no need to include a requirement that the decision be published "as soon as practicable." The date of Federal Register publication is therefore the "date of issuance" that starts the period for judicial review, *see* 16 U.S.C. § 1536(n) (requiring petitions for review to be brought within 90 days "after the date of issuance of the decision"), and it is also the "date of issuance" for purposes of 28 U.S.C. § 2112, *see Associated Gas Distributors*, 738 F.2d at 1391 (holding that the "date of issuance" is the date specified in the agency's regulations).

NRDC misreads § 453.03(b) when it argues that the regulation indicates that Committee decisions are issued before they are published. The second sentence of § 453.03(b) says that "*[i]f* the Committee determines that an exemption should be granted, the Committee *shall issue an order* granting the exemption …*"* (emphasis added). By its terms, that sentence requires only that when the Committee decides to grant (rather than deny) an exemption, the Committee must issue a separate order in addition to its written decision on the exemption. It does not say how or when such orders are issued. The next sentence of the regulation supplies the answer to those questions by providing that the decision and any accompanying order "shall" be published "in the Federal Register as soon as practicable."

6

There is no question that the date of Federal Register publication is a reasonable date for determining the "issuance" of the Committee's decisions and orders. It is "inherently reasonable" for an agency to adopt the date of Federal Register publication as the date of issuance. *Council Tree Commun'cns*, 503 F.3d at 289 (citing *Horsehead Resource Dev. Co., Inc. v. EPA*, 130 F.3d 1090, 1093 (D.C. Cir. 1997)). The inherent reasonableness of using the Federal Register date as the date of issuance strongly supports interpreting the Committee's regulation to mean exactly that. And the regulation's requirement that publication take place "as soon as practicable" reasonably ensures that the time lag between the date of the decision and the date of issuance will not be long.

The regulation's use of the date of Federal Register publication also has the beneficial effect of providing a uniform, universally available date for marking the start of the judicial review period. NRDC observes that the Committee's meeting on March 31, 2026, was livestreamed and that the Decision and Order were posted to the Department of the Interior website the same day. NRDC Mot. 8. But while the ESA requires that the Committee's meetings be open to the public, 16 U.S.C. § 1536(e)(5)(D), nothing in the ESA or the Committee's regulations require livestreaming or online posting. Under NRDC's view of the law, if the Committee did not take those steps, or if it posted its decision on a day other than the day of its meeting, there would be confusion as to when the ten-day period provided in § 2112 begins to run. That confusion would inevitably beget fruitless litigation over when the decision issued both before this Panel and before the courts of appeals. *See W. Union Tel.*, 773 F.2d at 378 (preferring clear rules for determining when the period for judicial review begins to avoid such litigation). The Committee's regulations eliminate that possibility by providing that the Committee's decisions must be issued by publication in the

Federal Register. That date is easily understood, universally accessible, and puts all petitioners on a level playing field.

NRDC relies on an unpublished Fifth Circuit decision, *In re Electronic Security Ass'n*, No. 24-60570 (5th Cir. 2024) (NRDC Mot. Ex. H), for the proposition that the "date of issuance" of a decision is the date the decision is publicized, not the date it is published in the Federal Register. But, unlike this case, no party in *Electronic Security Ass'n* argued that there was a Federal Trade Commission regulation governing the date that regulations are deemed issued. That decision also conflicts with published decisions of the D.C. Circuit that hold that an agency decision cannot be issued within the meaning of § 2112 before the limitations period on seeking judicial review begins to run, *e.g.*, *W. Union Tel. Co. v. FCC*, 773 F.2d 375, 376 (D.C. Cir. 1985) (Scalia, J.), which for rulemakings ordinarily means the date of Federal Register publication, *Horsehead Res. Dev. Co.*, 130 F.3d at 1093.

NRDC also misplaces its reliance on *Mining Energy, Inc. v. Director, Off. of Workers' Comp. Programs*, 391 F.3d 571 (4th Cir. 2004). The court held that an order was issued in accordance with the agency's regulations when it was filed with the Clerk of the Department of Labor Benefits Review Board, when the Board's regulations provided that the judicial review period would run from the date of filing. *Id.* at 574. The court rejected the argument that the decision was not issued for purposes of § 2112 until it was both filed and served on the parties, because the plain text of the governing regulation required filing only. *Id.* So too in this case; the Committee's regulations require publication in the Federal Register, so that is the date of issuance. The Fourth Circuit's subsequent consideration of dictionary definition in *Mining Energy* merely served to confirm its analysis of the regulations. *Id.* at 575. The court did not rely on dictionary definitions to fashion its own rule for when the order issued.

Similarly, the Panel's decision in *Gas Transmission Northwest* does not help NRDC. The agency order in that case became reviewable by operation of law when after thirty days FERC had taken no action on an application for rehearing. The Panel held that the date of issuance was the date the rehearing petition was deemed denied, not the date that FERC published a public notice of the denial. 730 F. Supp. 2d at 1369. Critically, however, the order under review was not the application for rehearing, but the original order, which had already been published. *Id*. at 1369 n.2; *see also Gas Transmission Nw. LLC*, 185 FERC ¶ 61,035 (2023) (publishing the original order). And as in *Electronic Security Ass'n*, and unlike this case, no party argued that a regulation required publication of the agency's decision.

Finally, it is irrelevant that the Decision and Order were effective on March 31, 2026, or that the government moved to dismiss certain cases as moot before the Decision and Order were published in the Federal Register. The date an agency's decision is effective and the date it is issued need not be the same. "It is not a principle of law that all agency action must be reviewable as soon as it is effective and ripe." *W. Union Tel. Co.*¸ 773 F.3d at 377. That the federal defendants in other cases moved promptly to inform the courts of the granting of the exemption has no bearing on when the Decision and Order were issued in accordance with the Committee's regulations. *Id*. Those regulations require publication in the Federal Register, and accordingly the Decision and Order were issued on April 3, 2026, the date of publication.

**B.    The Committee received the AEA Petition from AEA within ten days of the issuance of the Decision and Order.**

NRDC argues that, assuming the deadline for receipt was April 13, 2026, the Committee did not receive AEA's petition by that date, but that is incorrect. AEA delivered to the Committee

copies of its petition, stamped by the Fifth Circuit with the date of filing, on April 13, 2026, through two means.[2]

1. AEA hand-delivered paper copies of the stamped petition on April 13, 2026, to the Secretary of the Interior, the Secretary of Agriculture, the Administrator of the National Oceanic and Atmospheric Administration, and the Administrator of the Environmental Protection Agency.[3] Anderson Decl. Ex. 3–6; Clark Decl. ¶¶ 3–4. Delivery by hand indisputably constitutes receipt by the Committee. *E.g.*, *In re NLRB (Cal. Saw & Knife Works)*, 936 F. Supp. 1091, 1091 (J.P.M.L. 1996). In particular, the Secretary of the Interior is the statutory Chair of the Committee. 16 U.S.C. § 1536(e)(5)(B). Receipt by the Secretary of the Interior therefore constitutes receipt by the Committee.

NRDC does not argue that copies of the petition had to be received by each member of the Committee, and for good reason.[4] The Committee is a body established by statute and is the proper respondent in any petition for review of its actions. *See* 16 U.S.C. § 1536(e)(1), (n). Rather than name the Committee, the petitioners in these cases named the Committee's members, in their official capacities, as respondents. Petitioners' form of pleading does not, however, alter the operation of § 2112(a), which depends on when the petitions were received by the Committee, not by each of its individual members. Receipt by any member by day ten would be sufficient, and receipt in this case by the Chair plus three other members plainly constitutes receipt by the Committee.

---

[2] No one disputes that the Committee received copies of NRDC's petition, stamped by the D.C. Circuit, within ten days after issuance of the Decision and Order.

[3] Copies of the petition were delivered to the Department of the Army and the Council of Economic Advisors on April 15, 2026, and April 14, 2026, respectively. Anderson Decl. Ex. 7 & Ex. 8.

[4] Having failed to make this argument in their motion, NRDC may not raise it on reply. *Entergy Arkansas, LLC v. FERC*, 134 F.4th 576, 581 (D.C. Cir. 2025); *United States v. Prince*, 868 F.2d 1379, 1386 (5th Cir. 1989).

2. On April 13, 2026, AEA delivered a stamped copy of the petition via hand delivery and email to Adam Gustafson, Principal Deputy Assistant Attorney General of the Environment and Natural Resources Division, as counsel for the Committee.[5] Anderson Decl. ¶ 3–4 & Ex. 2; Bowen Decl. ¶ 3. In the Decision and Order, the Committee specifically designated the Department of Justice to appear for and represent the Committee in any litigation challenging the Decision and Order. 91 Fed. Reg. at 16967.

The Panel should reject NRDC's argument that receipt of AEA's petition by the Committee's attorneys does not constitute receipt by the Committee. Ordinarily, when a party is represented by counsel, delivery of a document to the party's counsel constitutes delivery to the party. *See Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 93 (1990) ("If Congress intends to depart from the common and established practice of providing notification through counsel, it must do so expressly."). And Federal Rule of Appellate Procedure 25 provides that service of papers "on a party represented by counsel must be made on the party's counsel." Accordingly, delivery of the AEA petition to Mr. Gustafson constitutes delivery to the Committee. Indeed, it is strange for NRDC to argue that delivery to the Committee's attorneys does not constitute delivery to the Committee when NRDC delivered its own petition to the Acting Attorney General and the U.S. Attorney for the District of Columbia. NRDC Ex. F.

NRDC argues that it would be unfair in this case to allow delivery to the Committee's attorneys to constitute delivery to the Committee because Christopher Anderson, a Department of Justice attorney representing the Committee, refused to accept "electronic service for all the Respondents." NRDC Mot. 15 & Ex. G-1. NRDC's argument is based on a misunderstanding. When

---

[5] The Panel has previously held that electronic delivery of a petition constitutes "delivery" within the meaning of § 2112(a)(1). *In re FERC (Yakama Nation)*, 278 F. Supp. 2d 1379, 1381 n.2 (J.P.M.L. 2003).

Mr. Anderson received NRDC's email, he understood "electronic service" to mean service of process that subjects a party to a court's personal jurisdiction. Anderson Decl. ¶ 2; *see also* 4 Wright & Miller, *Fed. Prac. & Proc.* § 1064 (4th ed.) (discussing the relationship between service of process and personal jurisdiction). The federal government may only be served with a lawsuit in accordance with applicable statutes and court rules, and individual Department of Justice attorneys are not authorized to accept service of process. Department of Justice, *Justice Manual* § 5-5.125, https://www.justice.gov/jm/jm-5-5000-procedures#5-5.124. In the case of petitions for review filed in the courts of appeals, the respondent agencies must be served by the Clerk of Court. Fed. R. App. P. 15(c). NRDC's email did not mention 28 U.S.C. § 2112 or the multi-circuit petition process, and Mr. Anderson did not understand that NRDC was attempting to ensure delivery to the Committee within ten days of issuance of the Decision and Order. NRDC Mot. Ex. G-1. Had NRDC made that clear, Mr. Anderson could have confirmed receipt for purposes of § 2112, and Respondents agree that delivery of NRDC's petition by email to Mr. Anderson (who had entered an appearance in the D.C. Circuit on behalf of the Committee) would have constituted delivery of the petition to the Committee.

In any event, there is no harm to NRDC. In addition to the email to Mr. Anderson, NRDC delivered its petition to the Committee by other means within ten days of the issuance of the Decision and Order. NRDC Mot. Ex. F. Respondents do not dispute that the Committee received NRDC's petition on April 9, 2026.

Respondents anticipate that NRDC may argue on reply that AEA should not have been permitted to deliver its petition to the Committee by hand because NRDC may have encountered difficulties in attempting to hand deliver its petition to some Committee members. Again, however, there is no prejudice to NRDC. NRDC delivered its petition to most Committee members by

overnight delivery well in advance of the deadline, so there was no need for NRDC to resort to hand delivery. And again, there is no dispute that NRDC's petition was received by the Committee within ten days of issuance of the Decision and Order. Even if some administrative problem had impeded NRDC from hand delivering copies of its petition, there is no principle of law or equity that would allow the Panel to penalize *AEA* for any errors on the part of the Committee or its members' agencies.

### III.    The Panel lacks statutory authority to order the Committee to file the record in the D.C. Circuit or to order the Fifth Circuit to transfer the petitions.

For the reasons given above, AEA's petition was filed and received by the Committee within ten days of the date of issuance of the Committee's Decision and Order. If the Panel concludes otherwise, the Panel should at most strike the Notice of Multi-Circuit Petitions and vacate the Consolidation Order. The Panel should in all events deny NRDC's request for an order directing Respondents to file the record in the D.C. Circuit and an order directing the Fifth Circuit to transfer the petitions to the D.C. Circuit. The Panel lacks authority to grant either request.

1. The Panel has already decided that when it vacates a consolidation order, the Panel lacks statutory authority to direct the respondent agency to file the administrative record in a particular circuit. *In re FERC (Atlantic Coast Pipeline)*, 341 F. Supp. 3d 1378, 1380 (J.P.M.L. 2018) "("[Section 2112] does not … grant the Panel the authority to direct the agency where to file the record in such circumstances."). There is no reason to depart from that sound precedent in this case.

2. Just as the Panel lacks statutory authority to order Respondents to file the record in the D.C. Circuit, it lacks statutory authority to order the Fifth Circuit to transfer the petitions. *See In re NLRB* (*Station GVR Acquisition, LLC*), 338 F. Supp. 3d 1343, 1345 (J.P.M.L. 2018) (observing that the Panel does not "have authority to issue orders to the circuit courts in which the petitions for review are pending"). Section 2112(a)(3) authorizes the Panel to issue an order consolidating

the petitions in the court of appeals randomly selected in accordance with that section. It does not authorize the Panel to issue any other orders with respect to the petitions or to issue any order at all in the event the Panel finds that a consolidation order should not be issued. Nor does the statute give the Panel any authority over petitions that were not included within the Notice of Multi-Circuit Petitions filed by the respondent agency, such as the Defenders and NWF petitions. *See* above, p. 4. Absent express statutory authority, principles of comity preclude the Panel from issuing orders to transferee courts regarding the conduct of cases. *See Brittingham v. Commissioner*, 451 F.2d 315, 318 (5th Cir. 1971) ("[C]omity dictates that courts of coordinate jurisdiction not review, enjoin or otherwise interfere with one another's jurisdiction."). The need for express statutory authority is even greater with respect to the Panel's actions, given that the Panel is not a court, but an administrative body composed of federal judges. *See* 28 U.S.C. § 1407; Earle F. Kyle, IV, *The Mechanics of Motion Practice Before the Judicial Panel on Multidistrict Litigation*, 175 F.R.D. 589, 589 (1998).

NRDC identifies no statutory authority for the Panel to grant the requested relief, but cites only a general principle that courts have the "inherent" power to "undo what they] had no authority to do originally." NRDC Br. 16–17 (citing *Nw. Fuel Co. v. Brock*, 139 U.S. 216, 219 (1891)). No one disputes that the Panel has the authority in an appropriate case to "undo" a Consolidation Order by vacating the Order and striking the Notice of Multi-Circuit Petitions. *See, e.g.*, *In re FERC (Gas Transmission Northwest)*, 730 F. Supp. 3d 1366, 1370 (J.P.M.L. 2024); *Atlantic Coast Pipeline*, 341 F. Supp. 3d at 1380. But as the Panel itself has held, its authority to "undo" the Consolidation Order does not also give the Panel authority to order further actions. *Atlantic Coast Pipeline*, 341 F. Supp. 3d at 1380 n.4.

14

Nor would denying the requested relief leave NRDC with an "incomplete remedy" or "undermine[]" the requirements of § 2112(a). NRDC Mot. 17. The statute provides a mechanism to address any erroneous transfer through a motion in the transferee court, in this case the Fifth Circuit, to transfer the petitions to another court of appeals "for the convenience of the parties and in the interest of justice." 28 U.S.C. § 2112(a)(5); *see also Station GVR Acquisition*, 338 F. Supp. 3d at 1345. If the Panel vacates the Consolidation Order, NRDC would be free to move in the Fifth Circuit for a transfer on the ground that § 2112 requires the administrative record to be filed in the D.C. Circuit. *See In re MCP 191*, 158 F.4th 294, 303 (1st Cir. 2025) (suggesting that a motion for transfer in the transferee circuit is the correct remedy when a petitioner asserts that the Panel entered a consolidation order erroneously).

For two reasons, NRDC is also wrong that an order transferring the petitions to the D.C. Circuit would make further judicial proceedings on venue "unnecessary." NRDC Mot. 17. First, even if the Panel were to order the AEA and NRDC petitions transferred to the D.C. Circuit, it would lack authority to order transfer of the Defenders and NWF petitions, which are not subject to the Consolidation Order. Accordingly, transfer motions in those petitions would have to be filed in the Fifth Circuit regardless. Second, as the Committee explained in the Decision and Order, the only appropriate venues for review of the Decision and Order are the Fifth and the Eleventh Circuits. 91 Fed. Reg. at 16967. That is because the ESA provides that petitions to review decisions of the Committee on exemptions may be brought only in a circuit "wherein the agency action concerned will be, or is being, carried out." 16 U.S.C. § 1536(n). NRDC disputes that the Fifth Circuit is an appropriate venue, NRDC Pet. 3, so that question too must inevitably be litigated. It would be most efficient for that litigation to take place in the Fifth Circuit, where the petitions are

15

currently pending, rather than transferring the petitions again before the statutory venue question is adjudicated.

## CONCLUSION

For the foregoing reasons, the motion should be denied.

Respectfully submitted,

/s/ *Christopher Anderson*
ADAM R.F. GUSTAFSON
  *Principal Deputy Assistant Attorney General*
ROBERT N. STANDER
  *Deputy Assistant Attorney General*
BRADLEY CRAIGMYLE
  *Deputy Assistant Attorney General*
ROBERT J. LUNDMAN
CHRISTOPHER ANDERSON
  *Attorneys*
Environment and Natural Resources Div.
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 598-1971
christopher.anderson3@usdoj.gov

May 8, 2026
90-13-9-18168

16

## UNITED STATES JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

| | |
|---|---|
| **IN RE: ENDANGERED SPECIES COMMITTEE ORDER REGARDING GULF OF AMERICA OIL AND GAS ACTIVITIES, 91 FED. REG. 16966, ISSUED ON APRIL 3, 2026** | **MCP No. 202** |

### PROOF OF SERVICE

In compliance with Rule 4.1 of the Rules of Procedure for the United States Judicial Panel

on Multidistrict Litigation, I hereby certify that on this 8th day of May 2026, I electronically filed

the foregoing document with the Clerk of the Panel using the CM/ECF system, which will send

notification of such filing to all counsel of record.

   s/ *Christopher Anderson*
Christopher Anderson
Counsel for Respondents