**SOUTHERN
ENVIRONMENTAL
LAW
CENTER**

525 East Bay Street, Suite 200
Charleston, SC 29403

Telephone 843-720-5270
Facsimile 843-414-7039

May 20, 2026

**VIA CM/ECF**

Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle NE
Rm. G-25, North Lobby
Washington, DC 20544-0005

Re:     MCP No. 202; Relevant Case Developments in *American Energy v. Burgum, et al.*, No. 26-60240 (5th Cir.)

Dear Chief Judge Karen K. Caldwell and the Honorable Panel Judges,

In advance of the Panel's May 28 meeting and consideration of the fully briefed motions for reconsideration in MCP No. 202, Conservation Groups write to advise the Panel of the U.S. Court of Appeals for the Fifth Circuit's May 18, 2026, ruling denying our Motion to Stay the Proceedings. *See* Order, *American Energy v. Burgum, et al.*, No. 26-60240, Dkt. 56-2 (5th Cir. May 18, 2026) (attached as Ex. A). Unfortunately, the Fifth Circuit's denial creates the risk that Conservation Groups will be required to file merits briefs in that Court before this Panel has an opportunity to decide where jurisdiction over their Petitions lies under 28 U.S.C. § 2112(a).

This is true despite the Panel's April 23, 2026, Order staying its Consolidation Order. *See American Energy v. Burgum, et al.*, No. 26-60240, Dkt. 9. Despite this Panel's stay, on May 5, 2026, the Fifth Circuit issued a Briefing Notice setting the deadline for the petitioners' opening brief for **June 15, 2026**. *See* Ex. B. Given the proceedings in the JPML, Conservation Groups jointly moved the Fifth Circuit to stay the proceedings pending this Panel's May 28 hearing (and subsequent decision) on reconsideration of the Consolidated Order. *See* Ex. C. Federal Respondents opposed our motion to stay, claiming that the JPML proceedings are a "sideshow." Ex. D. On the same day that Federal Respondents filed this opposition, the Fifth Circuit denied our motion. *See* Order, Ex. A.

This Panel is actively deciding whether Conservation Groups' Petitions properly belong here or in the D.C. Circuit per 28 U.S.C. § 2112(a). In these precise circumstances, courts of appeals (including the Fifth Circuit in other matters) have uniformly stayed their proceedings pending resolution of the JPML proceedings. Here, however, the proceedings in the Fifth Circuit are moving forward rapidly without regard for the JPML.

Conservation Groups write to inform the Panel of these developments, and to respectfully request that this Panel expedite its decision on the motions for reconsideration to ensure that their Petitions proceed in the appropriate Court of Appeals. To state the obvious, it would be a significant waste of judicial and party resources if Conservation Groups are required to file their merits briefs in the Fifth Circuit and this Panel ultimately grants the motions for reconsideration.

Charlottesville    Chapel Hill    Atlanta    Asheville    Birmingham    Charleston    Nashville    Richmond    Washington, DC

On the other hand, an expeditious ruling from this Panel will avoid wasted resources and further the deliberate process envisioned by Congress in enacting the JPML process.

Respectfully submitted,

/s/ *Catherine Wannamaker*
Catherine Wannamaker
Southern Environmental Law Center
525 East Bay Street, Suite 200
Charleston, South Carolina 29403
(843) 720-5270
cwannamaker@selc.org

Zachary J. Hennessee
Southern Environmental Law Center
Ten Tenth Street, Suite 1050
Atlanta, Georgia 30309
(678) 400-4817
zhennessee@selc.org

*Attorneys for Petitioners National Wildlife Federation, National Parks Conservation Association, Florida Wildlife Federation, Louisiana Wildlife Federation, and Texas Conservation Alliance*

/s/ *Jane P. Davenport*
Jane P. Davenport
Joseph M. Manning
Victoria Molyneaux
Defenders of Wildlife
1130 17th St. NW
Washington, DC 20036
(202) 682-9400
jdavenport@defenders.org
jmanning@defenders.org
vmolyneaux@defenders.org

*Attorneys for Petitioner Defenders of Wildlife*