

**U.S. Department of Justice**
Environment and Natural Resources Division

---

*Appellate Section*                                                       *Telephone (202) 514-2748*
*P.O. Box 7415*                                                          *Facsimile (202) 353-1873*
*Ben Franklin Station*
*Washington, DC  20044*

*__Via CM/ECF__*

May 22, 2026

Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle NE
Rm. G-25, North Lobby
Washington, DC 20544-0005

        Re:    *In re: Endangered Species Committee, Order Regarding Gulf of America Oil and Gas Activities, 91 Fed. Reg. 16966, Issued on April 3, 2026*
                 MCP No. 202

Dear Chair Caldwell and Judges of the Panel,

       I write in response to the letter submitted by National Wildlife Federation and Defenders of Wildlife (NWF) on May 20, 2026, informing the Panel that the Court of Appeals for the Fifth Circuit recently denied a stay of proceedings in the petitions at issue in this multi-circuit petitions notice. Respondents agree that the expeditious resolution of the pending motions for reconsideration would benefit all parties by allowing them to focus on litigating the merits of the petitions. Respondents offer two further observations.

       First, contrary to NWF's assertion, "the appropriate Court of Appeals" to hear these petitions will ultimately be determined in accordance with section 7(n) of the Endangered Species Act, 16 U.S.C. § 1536(n). As Respondents explained at pages 3 and 4 of their opposition to the stay of proceedings in the Fifth Circuit (Exhibit D to the May 20, 2026, letter), venue under section 7(n) is proper in the Fifth Circuit, but not in the D.C. Circuit. That question of venue is not before the Panel, however. *See In re NLRB (Station GVR Acquisition, LLC)*, 338 F. Supp. 3d 1343, 1345 (J.P.M.L. 2018) (observing that the Panel is not "responsible for determining whether any of the review petitions were properly filed").

       Second, allowing the petitions to proceed in the Fifth Circuit will not waste judicial resources because the motion for reconsideration will likely be resolved before any circuit court is called upon to consider the merits of the petitions. Nor will proceeding significantly waste the parties' resources. Regardless of the ultimate venue, the parties will have to prepare briefs on the merits, which is all the Fifth Circuit's denial of the stay requires.

Sincerely,

s/ *Christopher Anderson*
Christopher Anderson
Counsel for the Respondents

cc:  All Counsel (via CM/ECF)

- 2 -