# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION


IN RE: ENDANGERED SPECIES COMMITTEE,
ORDER REGARDING GULF OF AMERICA OIL
AND GAS ACTIVITIES, 91 FED. REG. 16966,
ISSUED ON APRIL 3, 2026                                    MCP No. 202


## ORDER DENYING MOTIONS FOR RECONSIDERATION OF
## CONSOLIDATION ORDER


**Before the Panel**:*  We are presented with two motions for reconsideration of the Panel's April 17, 2026, consolidation order under 28 U.S.C. § 2112(a)(3).  The first motion is brought by Natural Resources Defense Council, Inc. (NRDC), the petitioner in the D.C. Circuit petition listed on the consolidation order.  The second motion is brought by petitioners in two later-filed D.C. Circuit petitions, which were consolidated with NRDC's petition.[1]  Movants argue that one of the petitions for review listed in the Endangered Species Committee's notice of multicircuit petitions for review did not satisfy the statutory requirements for inclusion in the notice set forth in Section 2112.  The notice included two petitions for review; one filed in the United States Court of Appeals for the Fifth Circuit and one in the United States Court of Appeals for the District of Columbia Circuit.  The Federal Respondents (Douglas Burgum, Brooke Rollins, Daniel Driscoll, Lee M. Zeldin, Neil Jacobs, and Pierre Yared, all in their official capacities as members of the Endangered Species Committee) and the American Energy Association (the Fifth Circuit petitioner) oppose the motions for reconsideration.

Section 2112 establishes rules to consolidate proceedings challenging an agency action in a single court of appeals.  If, within ten days of "issuance of the order," the agency "receives, from the persons instituting the proceedings," 28 U.S.C. § 2112(a)(1), a single petition for review that has been "stamped by the court with the date of filing," *id.* § 2112(a)(2), then the agency must file the record in that court of appeals notwithstanding any other proceedings that have been instituted for review of that order, *id.* § 2112(a)(1).  If the agency receives, within the ten-day period, two or

---

* Judges Karen K. Caldwell and Madeline Cox Arleo did not participate in the decision of this matter.

[1] This motion was filed by the Defenders of Wildlife (petitioner in D.C. Cir. No. 26-1085) and the National Wildlife Federation, National Parks Conservation Association, Florida Wildlife Federation, Louisiana Wildlife Federation, and Texas Conservation Alliance (petitioners in D.C. Cir. No. 26-1088).  Collectively, these movants are referred to herein as the "Conservation Groups."

- 2 -

more date-stamped petitions for review filed in different courts of appeals, then the agency must file a notice of multicircuit petitions for review with the Panel, which "shall, by means of random selection," designate the court in which the agency shall file the record. *Id.* § 2112(a)(3). All other courts of appeals must then transfer any related petitions for review to the court in which the agency files the record. *Id.* § 2112(a)(5).

Under the Endangered Species Act (ESA), federal agencies must "insure" that actions they authorize are "not likely to jeopardize" endangered species. 16 U.S.C. § 1536(a)(2). For instance, with respect to marine species, agencies must consult with the National Marine Fisheries Service (NMFS) to determine whether agency action jeopardizes that species. *See Louisiana v. Nat'l Marine Fisheries Serv.*, 817 F. Supp. 3d 390, 394–95 (W.D. La. 2026). If an agency action is found to put a species in jeopardy, the agency must either implement "reasonable and prudent alternatives," end the action, or ask the politically accountable Endangered Species Committee for an exemption from the ESA. *Id.* at 395; 16 U.S.C. § 1536(b)(3)(A), (e), (g); 50 C.F.R. § 402.14(h)(2). The Endangered Species Committee consists of six permanent members (the Secretary of Agriculture, the Secretary of the Army, the Chairman of the Council of Economic Advisors, the Administrator of the Environmental Protection Agency, the Secretary of the Interior, the Administrator of the National Oceanic and Atmospheric Administration) as well as one individual appointed by the President from each affected state. 16 U.S.C. § 1536(e). The Secretary of the Interior serves as the Committee Chair.

The Endangered Species Committee must usually follow detailed procedural requirements when considering ESA exemptions. *See* 16 U.S.C. § 1536(e), (g), (h), (l); 50 C.F.R. pt. 453. But "[n]otwithstanding any other provision of this chapter, the Committee shall grant an exemption for any agency action if the Secretary of Defense finds that such exemption is necessary for reason of national security." 16 U.S.C. § 1536(j). Here, the Secretary of War requested a national security exemption with respect to agency actions reviewed in a 2025 biological opinion by the National Marine Fisheries Service, as well as 2018 and 2025 Fish and Wildlife Service decisions, all relating to certain gas and oil activities. On March 31, 2026, the Committee met and voted unanimously to grant the requested exemption for the subject oil and gas activities, "effective immediately." On April 3, 2026, the Committee's Decision and Order was published in the Federal Register. *See* 91 Fed. Reg. 16,966 (Apr. 3, 2026).

On April 3, 2026, shortly after the Decision and Order was published in the Federal Register, the NRDC filed its petition for review of the Decision and Order in the D.C. Circuit. *See* D.C. Cir. No. 26-1079. An industry group, the American Energy Association (AEA), filed a petition for review of the Decision and Order in the Fifth Circuit on April 13, 2026. *See* Fifth Cir. No. 26-60240. On April 16, 2026, the Committee filed a notice of multicircuit petitions for review with the Panel, identifying the NRDC and the AEA petitions as having been filed and received by the Committee within the ten-day period set forth in Section 2112. *See* Notice, MCP No. 202 (J.P.M.L. Apr. 16, 2026), ECF No. 1. The following day, the Acting Panel Clerk conducted a

- 3 -

random selection and issued an order consolidating the petitions for review in the Fifth Circuit. *See* Consolidation Order, MCP No. 202 (J.P.M.L. Apr. 17, 2026), ECF No. 3.[2]

In seeking reconsideration of the consolidation order, movants argue that, for purposes of 28 U.S.C. § 2112(a), the Decision and Order "issued" on March 31, when it was signed "effective immediately," posted on the Department of the Interior's website, and the Department of Justice filed a "Notice and Suggestion of Mootness" in at least three actions pending in district courts involving the subject oil and gas activities. They contend that, because Section 2112's ten-day window began on March 31, only NRDC's petition was filed within the ten-day window (as AEA's petition was filed on April 13), and therefore the Panel should not have conducted a random selection under Section 2112(a)(3). Instead, movants argue that the procedure under Section 2112(a)(1)—where only one petition has been filed within the ten-day window—should have applied, and the record should have been filed in the D.C. Circuit, with all later-filed petitions transferred there under Section 2112(a)(5). The Federal Respondents and the AEA, on the other hand, contend that the Decision and Order issued on April 3, when it was published in the Federal Register, and therefore the AEA petition was filed within the ten-day window.[3]

The question of when the Decision and Order issued presents something of a close call. The term "issuance" is not defined in 28 U.S.C. § 2112. But all parties appear to agree that the ordinary definition of "issuance" is to "promulgate" or make publicly known. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 676 (1950) ("[A] certificate cannot be said to have been issued for purposes of defining rights and the seeking of reconsideration by an aggrieved person if its substance is merely in the bosom of the [agency]. Knowledge of the substance must to some extent be made manifest."); *see also Florida Manufactured Hous. Ass'n, Inc. v. Cisneros*, 53 F.3d 1565, 1574 (11th Cir. 1995) ("The verb 'issue' clearly refers to an act of public announcement and

---

[2] At least three additional petitions for review of the Decision and Order have been filed. Two of these (filed by the Conservation Groups in the D.C. Circuit) were transferred to the Fifth Circuit following the issuance of the Panel's consolidation order. A third, filed by W&T Offshore, Inc., in the Eleventh Circuit on April 13, 2026, but not delivered to the Committee within Section 2112's ten-day window, was voluntarily dismissed on May 22, 2026. *See* No. 26-11211 (11th Cir.).

[3] The Federal Respondents argue that the Conservation Groups lack standing to seek reconsideration of the consolidation order and therefore the Panel should disregard their arguments. We are not persuaded that the Conservation Groups lack standing here. To be sure, their petitions were not listed on the consolidation order (because they were not filed within Section 2112(a)'s ten-day window). But these petitions were consolidated by the D.C. Circuit with the NRDC's petition, which *was* listed on the consolidation order. And these petitions certainly were "subject to" the consolidation order—they were immediately transferred to the Fifth Circuit along with NRDC's petition. *See* Panel Rule 25.7(a) (providing that a "party to a petition for review subject to a consolidation order" may file a motion for reconsideration). In any event, Respondents' standing argument makes no difference to the outcome here because NRDC also moves for reconsideration and it asserts the same (and additional) arguments as the Conservation Groups.

- 4 -

not to the act of arriving at a private decision within an agency."). The date an order issued need not be the same date that it was adopted or became effective. *See, e.g.*, *Council Tree Commc'ns, Inc. v. Fed. Commc'ns Comm'n*, 503 F.3d 284, 288–91 (3d Cir. 2007) (holding that petition for review was premature when filed after the FCC released an order but before it was published in the Federal Register).

The statute governing the Endangered Species Committee states that judicial review of any Committee order may be obtained "by filing [in the appropriate court] within 90 days after the date of issuance of the decision, a written petition for review." 16 U.S.C. § 1536(n). The regulation regarding Committee determinations and orders provides more detail:

> (b) *Decision and order*. The Committee's final determinations shall be documented in a written decision. If the Committee determines that an exemption should be granted, the Committee shall issue an order granting the exemption and specifying required mitigation and enhancement measures. The Committee shall publish its decision and order in the FEDERAL REGISTER as soon as practicable.

50 C.F.R. § 453.03(b).

Movants read this regulation to mean that issuance and publication of Committee orders are separate events, with issuance occurring *before* publication. We do not find this reading persuasive. The regulation requires only that, when the Committee grants an exemption, it must issue an order along with its decision. *Cf. Council Tree Commc'ns*, 503 F.3d at 289 ("The first sentence of § 2344 says merely that when 'entry' [of an agency order] occurs, notice by service or publication must also occur. It remains ambiguous whether 'entry' might not occur until publication in the Federal Register."). The most reasonable interpretation of the regulation envisions publication in the Federal Register as the means of public issuance.[4] *Cf. Horsehead Res. Dev. Co., Inc. v. Env't Prot. Agency*, 130 F.3d 1090, 1093 (D.C. Cir. 1997) (adopting a "default rule: If the agency does not define the term by regulation and if the statute supports (or at least does not foreclose) the interpretation, 'promulgation' is accorded its 'ordinary meaning' – i.e., publication in the *Federal Register*").

In arguing that issuance of the Decision and Order occurred before publication in the Federal Register, movants rely heavily on the Fifth Circuit's unpublished decision in *In re Electronic Security Association*, No. 24-60570, slip op. (5th Cir. Nov. 19, 2024). The court in that case was presented with a petition for writ of mandamus seeking an order directing the Federal Trade Commission to file a notice of multicircuit petitions with the Panel. The agency had posted the rule that petitioners sought to appeal on the agency's website, released a press statement, and posted the order on social media a month before the order was published in the Federal Register. The Fifth Circuit rejected the FTC's argument that the rule issued when it was published in the Federal Register. *Id.* at 6.

---

[4] This regulation was adopted in 1980, when the concept of posting a decision on an agency website would have been fantastical. *See* 45 Fed. Reg. 23,354, 23,361 (Apr. 4, 1980).

- 5 -

Far from supporting Movants' argument, *Electronic Security Association* raises a perplexing question—if the definition of "issuance" under Section 2112 is divorced from publication, how much "notice" is sufficient for an order to be deemed "issued" under the statute? Here, there is no allegation that the Committee issued a press statement or posted the Decision and Order on social media.  The Decision and Order was not posted on the *Committee's* website—the Committee is not a standing body and has no website.  Rather, the Decision and Order were posted on the website of the Department of the Interior.  Movants repeatedly note that the Committee meeting granting the exemption was livestreamed on YouTube, but a livestreamed meeting is not the same as a detailed Decision and Order.  And the suggestions of mootness filed by the Federal Respondents in three district court cases provided notice only to the parties in those cases.[5]  How was the public to know which agency website, social media accounts, or court dockets to monitor for notice of the Committee's actions?

Movants also cite our decision in *In re Federal Energy Regulatory Commission (Gas Transmission Northwest)*, 730 F. Supp. 3d 1366 (J.P.M.L. 2024), to suggest that we have adopted a definition of "issuance" divorced from publication.  There, we granted a motion for reconsideration and to strike a notice of multicircuit petitions because one of the petitions was not filed within Section 2112(a)'s ten-day window.  The order at issue in *Gas Transmission Northwest*, however, was subject to the Natural Gas Act, pursuant to which the agency order—which *had already been published*—became reviewable by operation of law when the agency failed to take any action on the application for rehearing within thirty days.  We held that the date of issuance was the date the rehearing petition was deemed denied, not when the agency published a public notice of the denial several days later.  *Id.* at 1369 & n.2.  We were not asked to determine whether an agency order or rule can be issued under Section 2112 without publication.

The date an agency order or rule has "issued" under Section 2112 will depend on the applicable statutes and regulations, as well as the facts of the individual case.  As a general matter, however, publication in the Federal Register (or such other means of publication specified in the applicable statutes or regulations) will be the action that gives the public constructive notice of the contents of an agency order or rule.  Here, the applicable regulation, 50 C.F.R. § 453.03(b), and the actions taken by the Federal Respondents in the three days between the Committee's adoption of the Decision and Order and its publication in the Federal Register, do not require deviation from this general rule.  The Committee's Decision and Order issued on April 3, 2026.

Having decided when the Decision and Order issued, we turn to NRDC's alternative argument that AEA failed to deliver its date-stamped petition to the Committee within the statutory ten-day period.  At the outset, we note that our analysis of this issue was greatly complicated by the Committee's failure to follow the directive in 28 U.S.C. § 2112(a)(2) that "[e]ach agency, board, commission, or officer, as the case may be, shall designate by rule the office and the officer who must receive petitions for review under paragraph (1)."  Had the Committee done so, the

---

[5] Notably, while movants argue that the Decision and Order issued on March 31, 2026, no petition for review was filed until *after* the Decision and Order was published in the Federal Register on April 3, 2026.

- 6 -

parties' apparent confusion about who was to be served with their petitions could have been avoided.  We do not find, though, that AEA (or, for that matter, NRDC) could not complete the required delivery of the petitions under 28 U.S.C. § 2112(a)(1).  That section states only that "agency, board, commission, or officer concerned" must "receive[], from the persons instituting the proceedings, the petition for review."  *Id.*  Where an agency has not designated by rule the office and officer to receive petitions for review,[6] other methods of delivery to the agency may be available.

AEA asserts that it delivered a stamped copy of the Fifth Circuit petition via hand delivery to four of the six members of the Committee and by email to the Principal Deputy Assistant Attorney General assigned to the case.  NRDC questions the veracity of the claimed service and states that the Federal Respondents initially claimed they were served by mail, then by hand delivery to four of the six Committee members, and finally that AEA hand delivered the petition to the Department of Justice.  We are persuaded that AEA satisfied the requirements of the statute.  The Federal Respondents did not assert that they received delivery of the date-stamped petitions through U.S. Mail.  *See* Notice at 2, MCP No. 202 (J.P.M.L. Apr. 16, 2026), ECF No. 1 ("These petitions were filed in two different courts of appeals within ten days after issuance of the agency action on April 3, 2026, and received by the Federal Respondents from the petitioners within the applicable ten-day period as shown on the attached schedule.").  NRDC misreads the certificate of service attached to the petitions for review, which refers to service of process, not delivery for purposes of Section 2112.  In its opposition to the motions for reconsideration, AEA attaches a declaration by the individual who coordinated delivery of the petitions for AEA's law firm, as well as receipts from the courier deliveries to four of the six Committee members and the DOJ.  *See* Decl. of Emily Correia, MCP No. 202 (J.P.M.L. May 8, 2026), ECF No. 24-3.  NRDC does not identify any statute or rule that requires delivery of the date-stamped petitions to all six Committee members for purposes of Section 2112.  Accordingly, Section 2112's requirement that the petitioners deliver date-stamped copies of the petitions for review within the ten-day period is satisfied.

---

[6] The Federal Respondents point to the designation in the Decision and Order of the Department of Justice to "appear for and represent the Committee" in any litigation challenging the Decision and Order.  *See* 91 Fed. Reg. at 16,967.  But this designation appears to be for a different purpose and does not explicitly alert the DOJ that it should accept service of petitions for purposes of Section 2112.  This is unsurprising, as the language in the Order largely tracks the statute, which was enacted before the Congress established the modern multicircuit process in 1989.  *See* 16 U.S.C. § 1536(n) ("Attorneys designated by the Endangered Species Committee may appear for, and represent the Committee in any action for review under this subsection.").

- 7 -

IT IS THEREFORE ORDERED that the motions for reconsideration are denied.


PANEL ON MULTIDISTRICT LITIGATION

_____

Matthew F. Kennelly
Acting Chair


David C. Norton                    Dale A. Kimball
M. Casey Rodgers

**IN RE: ENDANGERED SPECIES COMMITTEE,
ORDER REGARDING GULF OF AMERICA OIL
AND GAS ACTIVITIES, 91 FED. REG. 16966,
ISSUED ON APRIL 3, 2026**                                    MCP No. 202

## SCHEDULE A

District of Columbia Circuit

NATURAL RESOURCES DEFENSE COUNCIL, INC. v. DOUGLAS BURGUM,
     ET AL., No. 26−01079

Fifth Circuit

AMERICAN ENERGY ASSOCIATION v. BURGUM, ET AL., No. 26−60240